**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOGAN JAMES SAVAGE,

    Defendant - Appellant.

No. 24-8003
(D.C. No. 2:23-CR-00139-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **HARTZ**, Circuit Judges.
_____

Logan James Savage pled guilty to Theft from an Indian Organization in violation of 18 U.S.C. § 1163. The district court sentenced him to 36 months in prison, which was within the advisory Sentencing Guidelines range of 33 to 41 months. Although his plea agreement contained a waiver of his appellate rights, Mr. Savage filed a notice of appeal. The government then filed a motion to enforce the appeal waiver.

Mr. Savage's counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating his belief "that opposition to the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government's Motion to Enforce Mr. Savage's appellate waiver would be wholly frivolous." Resp. to Mot. at 1. Consistent with the procedure outlined in *Anders*, 386 U.S. at 744, we gave Mr. Savage the opportunity to file a pro se response to show why the appeal waiver should not be enforced. His response was initially due on June 20, 2024, and we sua sponte extended the deadline to July 5, 2024, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we conducted an independent review of the proceedings. *See* 386 U.S. at 744. After doing so, we agree it would be frivolous to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court

Per Curiam